The TERSON COMPANY, INC. and United States of America, Intervenor,

v.

BAKERY DRIVERS AND SALESMEN LOCAL 194 and Industry Pension Fund.

Appeal of The TERSON COMPANY, INC.,

No. 83–5655.

United States Court of Appeals, Third Circuit.

Argued April 25, 1984.

Decided July 5, 1984.

John R. Keys, Jr., Chester W. Nosal (argued), Winston & Strawn, Washington, D.C., for appellant.

Bennet D. Zurofsky (argued), Sidney Reitman, Reitman, Pasonnet, Maisel & Duggan, Newark, N.J., for appellee.

Peter H. Gould (argued), Terence G. Craig, Pension Benefit Guaranty Corp., Washington, D.C., for amicus curiae.

Before ALDISERT, Chief Judge, WEIS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On this appeal from the district court's grant of appellee's motion under Rule 12(b)(6), F.R.Civ.P., seeking dismissal for failure to state a claim upon which relief could be granted, plaintiff-appellant, The Terson Company, challenges the constitutionality of the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1381 *et seq.* We conclude there was no error in the dismissal of Terson's complaint and affirm the judgment of the district court.

The Terson Company is engaged in the baking and food processing businesses. In October 1980, Terson sold its facility in East Orange, New Jersey as part of an overall effort to divest itself of its baking operations. The employees at the East Orange facility were represented by defendant Bakery Drivers and Salesmen Local 194. Under the collective bargaining agreements with the Local, Terson was a party to a multiemployer pension plan, which obligated the company to make contributions on behalf of its employees. Terson ceased making contributions to the plan on October 4, 1980 and ended its operations at the plant two weeks later. The Local and the Industry Pension Fund, also a defendant, subsequently demanded that Terson make withdrawal liability payments to the plan pursuant to the MPPAA, enacted on September 26, 1980, and assessed a total withdrawal liability of $835,320.00. Terson filed suit seeking a declaratory judgment that the MPPAA is unconstitutional. It specifically alleged that the Act

(1) retroactively impairs its preexisting contractual arrangements in violation of the fifth amendment due process clause, (2) violates the takings clause of the fifth amendment, (3) is unconstitutionally vague, and (4) by requiring arbitration, violates procedural due process guarantees and the seventh amendment right to a jury trial. Terson maintains these allegations on its appeal from the dismissal of its complaint.[1]

Turning first to the argument that the MPPAA impermissibly impairs Terson's preexisting contractual arrangements, we begin by noting that although most of the other courts that have considered this question have reached the same result in upholding the Act, *see supra* note 1, they have applied different standards in their review of the legislation. The District of Columbia Circuit concluded that the constraints of the contract clause are not applicable to review of federal legislation through the fifth amendment due process clause. *Washington Star Co. v. International Typographical Union Negotiated Pension Plan,* 729 F.2d 1502, 1507 (D.C. Cir.1984). The D.C. Circuit instead applied the traditional rationality standard of review set forth by the Supreme Court in *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). The Supreme Court articulated the standard:

> It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way.

*Id.* at 15, 96 S.Ct. at 2892 (citations omitted). The Seventh Circuit, in *Nachman Corp. v. Pension Benefit Guaranty Corp.,* 592 F.2d 947 (7th Cir.), *cert. denied on constitutional grounds,* 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310 (1979), *aff'd on statutory grounds,* 446 U.S. 359, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980), set forth a four factor test incorporating contract clause principles into a due process analysis of federal legislation; in that case, the termination liability rules for single employer plans. The four factors are: (1) the reliance interests of the parties affected; (2) whether the impairment of the private interest is effected in an area previously subjected to regulatory control; (3) the equities of imposing the legislative burdens; and (4) the inclusion of statutory provisions designed to limit and moderate the impact of the burdens. *Id.* at 960.

■ The Supreme Court recently determined that the rationality standard, and not a contracts clause analysis, applies to the review of federal economic legislation. *See Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* — U.S. —, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984). In *R.A. Gray,* the Supreme Court upheld the retroactive application of the MPPAA withdrawal liability provisions, concluding that the retrospectivity of the MPPAA was supported by a rational legislative purpose. *Id.* at —, 104 S.Ct. at 2718. The Court noted that both prospective and retrospective aspects of legislation must meet the same test of due process. *Id.* (quoting *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. at 16–17, 96 S.Ct. at 2892–2893). We conclude that the MPPAA passes constitutional muster under the rationality standard of *Turn-*

---

1. The issue of constitutionality of the MPPAA is not one of first impression among the courts of appeals. Most courts that have considered it have upheld the MPPAA's provisions as applied to withdrawals occurring both before and after the Act's enactment date. *See Washington Star Co. v. International Typographical Union Negotiated Pension Plan,* 729 F.2d 1502 (D.C. Cir.1984); *Textile Workers Pension Fund v. Standard Dye & Finishing Co.,* 725 F.2d 843 (2d Cir.1984); *Peick v. Pension Benefit Guaranty Corp.,* 724 F.2d 1247 (7th Cir.1983); *Republic Industries, Inc. v. Teamsters Joint Council No. 83 of Virginia Pen-*

*sion Fund,* 718 F.2d 628 (4th Cir.1983). *But see Shelter Framing Corp. v. Pension Benefit Guaranty Corp.,* 705 F.2d 1502 (9th Cir.) (holding the MPPAA unconstitutional as applied to employers who withdrew from multiemployer plans during the Act's "retroactive period"—April 29, 1980 to September 26, 1980—but expressing no opinion as to the constitutionality of the Act as applied to employers who withdrew after the enactment date), *rev'd sub nom. Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* — U.S. —, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984).

er Elkhorn and R.A. Gray. The MPPAA withdrawal provisions are a rational means of ensuring that each member of a multiemployer plan shoulders its portion of the collective burden imposed to safeguard the employees' right to full compensation. See Washington Star, 729 F.2d at 1510–11; Peick v. Pension Benefit Guaranty Corp., 724 F.2d 1247, 1266–68 (7th Cir.1983).

 We turn to Terson's remaining arguments. First, we conclude that the MPPAA does not violate the takings clause of the fifth amendment. Without deciding whether Terson's contract rights constitute "property" under the fifth amendment, we note that the Supreme Court has recognized that government regulation that adjusts the benefits and burdens of economic life to promote the common good is not a "taking" for which the fifth amendment requires just compensation. Penn Central Transportation Co. v. New York City, 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978); see Republic Industries, Inc. v. Teamsters Joint Council No. 83 of Virginia Pension Fund, 718 F.2d 628, 642–43 (4th Cir.1983). Second, Terson argues that the MPPAA is unconstitutionally vague because it incorporates reasonable "actuarial assumptions and methods," 29 U.S.C. § 1393(a)(1), as part of the withdrawal liability calculation. This argument is without merit. The Supreme Court has explained:

> [E]conomic regulation is subject to a less strict vagueness test [than regulation of protected conduct] because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action. Indeed, the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process.

Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). Further, a law that does not govern protected conduct will not be set aside as unconstitutionally vague unless the complainant "demonstrate[s] that the law is impermissibly vague in all of its applications." Id. at 497, 102 S.Ct. at 1193. Terson has not made the requisite showing.

 Last, Terson contends that the MPPAA, by requiring arbitration, violates procedural due process guarantees and the seventh amendment right to a jury trial. Again, its contentions are meritless. The compulsory arbitration provisions do not suffer from any constitutional infirmity. The Supreme Court has observed:

> [W]hen Congress creates a statutory right, it clearly has the discretion, in defining that right, to create presumptions, or assign burdens of proof, or prescribe remedies; it may also provide that persons seeking to vindicate that right must do so before particularized tribunals created to perform the specialized adjudicative tasks related to that right.

Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 83, 102 S.Ct. 2858, 2878, 73 L.Ed.2d 598 (1982) (opinion of Brennan, J.). This court has recognized that arbitration under the MPPAA is such a particularized tribunal. See Republic Industries, Inc. v. Central Pennsylvania Teamsters Fund, 693 F.2d 290, 294–95 (3d Cir.1982). Further, the MPPAA does provide for judicial review in the event arbitration fails to resolve the controversy. 29 U.S.C. § 1401(b)(2). Regarding the seventh amendment question, it is settled that when Congress creates new public rights and remedies and commits their enforcement to a tribunal other than a court of law, there is no seventh amendment right to a jury. See Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n, 430 U.S. 442, 460–61, 97 S.Ct. 1261, 1271–72, 51 L.Ed.2d 464 (1977).

Terson also argues that the MPPAA is unconstitutional as applied to it. Terson concedes, however, that this question may not be addressed until a factual record has been developed. That record should be developed at arbitration.

The judgment of the district court will be affirmed.

